# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**Michael Burnett,**

                    **Plaintiff,**

        **v.**

**City of Minneapolis; Christopher
Cushenbery, Badge No. 1375,
personally, and in his capacity as a
Minneapolis Police Officer; Laurarose
Turner, Badge No. 007340, personally,
and in her capacity as a Minneapolis
Police Officer; Steven D. Lecy, Badge
No. 004057, personally, and his capacity
as a Minneapolis Police Officer; John
Doe and Jane Doe each personally and
his or her capacity as a Minneapolis
Police Officer,**

                    **Defendants.**

**COURT FILE NO.:**
**0:13-cv-01933-ADM-JJK**


**JOINT ANSWER DEFENDANTS**


**JURY TRIAL REQUESTED**

---

Defendants, fort their Answer to Plaintiff/s Complaint, state and allege as follows:

Unless admitted, qualified, or otherwise pleaded below, Defendants deny each and

every allegation, matter and thing in Plaintiffs' Complaint.

Defendants:

1.      Admit that this is an action for money damages for alleged injuries

sustained by Plaintiff; deny the remaining allegations in paragraph 1.

2.      Admit the allegations in paragraph 2.

3.      Admit, upon information and belief, the allegations in paragraph 3.

4.      Admit that Officer Cushenbery is a U.S. citizen, Minnesota resident, Caucasian and Minneapolis police officer with badge No. 1375 and was acting as a police officer at the time of the incident; deny that he was driving Squad 361A.

5.      Admit that Officer Lecy is a U.S. citizen, Minnesota resident, Caucasian and Minneapolis police officer with badge No. 7340 and was acting as a police officer at the time of the incident; deny that he was assigned to Squad 331.

6.      Admit the allegations in paragraph 6.

7.      The allegations in paragraph 7 are not susceptible to responsive pleading and are, therefore, denied.

8.      The allegations in paragraph 8 are not susceptible to responsive pleading and are, therefore, denied.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and they are, therefore, denied.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and they are, therefore, denied.

11.     Admit that on January 1, 2010, at approximately 4:00 a.m. Minneapolis Police Officers knocked on the front door of the residence; Defendants are without knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 11 and they are, therefore, denied.

12.     Admit that officers were responding to a call concerning shots being fired and had previously responded to a fight call.

13.     Admit the door was inside a small porch; admit that a female came to the door, but did not open the door; admit that the Plaintiff opened the door; deny the remaining allegations in paragraph 13.

14.     Admit that Plaintiff opened the door; defendants are without knowledge or information sufficient to form a belief regarding the location of the Plaintiff's mother; deny the remaining allegations in paragraph 14.

15.     Admit that Officer Lecy was the Officer who knocked on and was standing at the front door when it opened as alleged in paragraph 15.

16.     Deny the allegations in paragraph 16.

17.     Admit that Officer Lecy used force against the Plaintiff; deny the remaining allegations in paragraph 17.

18.     Admit that officers attempted to pull the Plaintiff into the porch; admit that officers used force; deny the remaining allegations in paragraph 18.

19.     Admit that Officer Lecy deployed his taser; admit that one taser dart missed the Plaintiff and struck Officer Cushenberry; admit that the taser was used in the drive stun mode three times; deny the remaining allegations in paragraph 19.

20.     Admit that Officer Turner stationed herself in the doorway to the house to keep people from inside the residence from joining in fracas; deny the remaining allegations in paragraph 20.

21.     Admit that Officers Lecy and Cushenberry continued to use force until the Plaintiff was under control in placed into handcuffs; admit that the force used included closed fist strikes and knee strikes; deny the remaining allegations in paragraph 21.

3

22.     Admit, upon information and belief, that Officer Cushenberry stuck the

Plaintiff in the right cheek, the back of the head and delivered four knee strikes; deny the

remaining allegations in paragraph 22.

23.     Defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in paragraph 23 and they are,

therefore, denied.

24.     Defendants are without knowledge or information sufficient to form a

belief as to what John Wiley witnessed.  Defendants deny that John Wiley witnessed any

Officer smashing the butt of a flashlight into Burnett's eye.  Defendants deny the

remaining allegations in Paragraph 24.

25.     Admit that other officers arrived at the scene; deny the remaining

allegations in paragraph 25.

26.     Admit that when the Plaintiff was under control he was taken down the

steps and placed on his stomach on the sidewalk; deny the remaining allegations  in

paragraph 26.

27.     Deny the allegations in paragraph 27.

28.     Deny the allegations in paragraph 28.

29.     Deny the allegations in paragraph 29.

30.     Admit that Officer Lecy spoke to women leaving the address who said that

no shots had been fired; deny the remaining allegations in paragraph 30.

31.     Admit that the Plaintiff was taken to the Hennepin County Medical Center,

treated for injuries; booked into the Hennepin County Jail and later tab charged with

disorderly conduct and obstructing legal process; deny the remaining allegations in paragraph 31.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 and they are, therefore, denied.

33.     Deny the allegations in paragraph 33.

34.     Deny the allegations in paragraph 34.

35.     Deny the allegations in paragraph 35.

## CAUSES OF ACTION

### COUNT ONE

### 42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATIONS
### (EXCESSIVE USE OF FORCE AND UNREASONABLE SEIZURE)
### (DEFENDANTS CUSHENBERY AND LECY)

36.     The allegations set forth in paragraph 36 are not susceptible to responsive pleading and are, therefore, denied.

37.     Deny the allegations in paragraph 37.

38.     Deny the allegations in paragraph 38.

39.     Deny the allegations in paragraph 39.

40.     Deny the allegations in paragraph 40.

41.     Deny the allegations in paragraph 41.

COUNT TWO

42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATIONS
(CONSPIRACY IN EXCESSIVE USE OF FORCE AND UNREASONABLE
SEIZURE)
(DEFENDANTS CUSHENBERY, LECY, TURNER, JOHN DOE AND JANE DOE)

42.     The allegations set forth in paragraph 42 are not susceptible to responsive

pleading and are, therefore, denied.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44.

45.     Deny the allegations in paragraph 45.

46.     Deny the allegations in paragraph 46.

47.     Deny the allegations in paragraph 47.

48.     Deny the allegations in paragraph 48.

COUNT THREE

42 U.S.C. § 1985

49.     The allegations set forth in paragraph 49 are not susceptible to responsive

pleading and are, therefore, denied.

50.     Deny the allegations in paragraph 50.

51.     Deny the allegations in paragraph 51.

52.     Deny the allegations in paragraph 52.

53.     Deny the allegations in paragraph 53.

COUNT FOUR

CIVIL RIGHTS VIOLATION BY CITY OF MINNEAPOLIS – MONELL CLAIM

1.      The allegations set forth in the second paragraph 1 are not susceptible to responsive pleading and are, therefore, denied.

2.      Deny the allegations in the second paragraph 2.

3.      Deny the allegations in the second paragraph 3.

4.      Deny the allegations in the second paragraph 4.

5.      Deny the allegations in the second paragraph 5.

6.      Deny the allegations in the second paragraph 6.

7.      Deny the allegations in the second paragraph 7.

**AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim against Defendants upon which relief can be granted.

2.      Defendants allege that the acts upon which the Complaint is made were privileged, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances, such that Defendants are immune from liability in this action.

3.      The use of force, if any, was privileged under the common law and/or under Minn. Stat. § 609.06.

4.      At all times material to the Complaint, Defendant City of Minneapolis' employees were entitled to qualified immunity from liability in this action.

5.     Plaintiff's injuries and damages, if any were caused, contributed to, or brought about by Plaintiff's own negligence and Defendants are not legally responsible.

6.     Plaintiff's damages, if any, were caused, contributed to, or brought about by Plaintiff's unlawful and illegal acts and/or the unlawful and illegal acts of those over whom Defendant exercises no right of control.

7.     Defendants specifically deny that Plaintiff has any right to attorney's fees in this action.

8.      Defendant City of Minneapolis is immune from liability for punitive damages.

9.     Plaintiff has failed to take reasonable action to avoid or mitigate the alleged detriment or damages.

10.    Defendant City of Minneapolis alleges that the City of Minneapolis is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. § 1983, which are based upon the concept of *respondeat superior*.

11.    Individual Defendants have not been properly served with a summons and complaint in this action.

12.    Defendants allege affirmatively that the acts upon which the Complaint is made were privileged, were based upon probable cause to believe the Plaintiff committed a criminal offense, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances, such that Defendants are immune from liability in this action.

13.     The policies and procedures used by Defendants with regard to the Plaintiff are both fair in form and operation.

14.     Defendants' decisions regarding Plaintiff were based upon nondiscriminatory, legitimate and common reasons.


Dated:  July 18, 2013                                    SUSAN L. SEGAL
                                                         City Attorney
                                                         By

                                                         s/Timothy S. Skarda

                                                         TIMOTHY S. SKARDA (#10176X)
                                                         ANDREA KLOEHN NAEF (#0386497)
                                                         Assistant City Attorneys
                                                         Attorneys for Defendants
                                                         350 South 5th Street, Room 210
                                                         Minneapolis, MN 55415
                                                         (612) 673-2553